IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEAN HUGE,<br><br>                          Plaintiff,<br><br>v.<br><br>ACTION STOCK TRANSFER CORPORATION, a Utah Corporation, and BBVI CONSULTING, S.A., a foreign entity,<br><br>                          Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:20-CV-819-TS-DBP<br><br>District Judge Ted Stewart |

This matter is before the Court on competing motions to dismiss filed by Plaintiff and Defendant Action Stock Transfer Corporation ("AST"). For the reasons discussed below, the Court will dismiss this action against AST with prejudice.

I.  BACKGROUND

Plaintiff filed this action against AST and BBVI Consulting in November 2020. Plaintiff filed a motion for a temporary restraining order, which the Court denied. Plaintiff took no further action, resulting in the issuance of an order to show cause. In response to the order to show cause, Plaintiff served AST but was unable to effectuate service of process on BBVI Consulting. After AST answered, the Court entered a scheduling order setting trial for December 2022. After the issuance of the scheduling order, no further action took place in this case. It was not until the Court entered a trial order and set this matter for a final pretrial conference that Plaintiff filed his motion. Plaintiff seeks dismissal without prejudice. In response, AST filed its own motion seeking dismissal with prejudice.

1

II. DISCUSSION

Plaintiff requests voluntary dismissal of his claim against AST under Federal Rule of Civil Procedure 41(a)(2).[1] Under this rule, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[2] Unless otherwise stated, a dismissal under this rule is without prejudice.[3] "When considering a motion to dismiss without prejudice, 'the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.'"[4] "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."[5]

> The parameters of what constitutes "legal prejudice" are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation. Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper.[6]

"The district court should endeavor to insure substantial justice is accorded to both parties. A court, therefore, must consider the equities not only facing the defendant, but also

---

[1] Rule 41(a)(2) governs when a voluntary dismissal is requested after "service of an answer or of a motion for summary judgment, and there is not unanimous agreement among all parties supporting the dismissal." *Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of N. M.*, 311 F.3d 1031, 1047 (10th Cir. 2002).

[2] Fed. R. Civ. P. 41(a)(2).

[3] *Id.*

[4] *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (quoting *Barber v. Gen. Elec. Co.*, 648 F.2d 1272, 1275 (10th Cir. 1981)).

[5] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

[6] *Id.* (citation omitted).

those facing the plaintiff; a court's refusal to do so is a denial of a full and complete exercise of judicial discretion."[7]

Considering these factors, the Court finds that dismissal of AST with prejudice is appropriate. As to the first factor, there is little evidence that AST has expended significant effort and expense during this litigation. Indeed, AST admits that the attorney's fees it has incurred "were not outlandish."[8] Thus, this factor does not support dismissal with prejudice.

Next, the Court considers the excessive delay and lack of diligence on the part of the movant. Plaintiff filed this action over two years ago and has taken essentially no action to prosecute his case. The Court already had to issue an order to show cause because of the lack of diligence on Plaintiff's part to pursue his claims.[9] Further, AST represents, and Plaintiff has not denied, that Plaintiff "never even provided initial disclosures."[10] Plaintiff's lack of effort to pursue his claims over this two-year period supports a dismissal with prejudice.

Third, the Court looks to the explanation of the need for a dismissal. Plaintiff's only explanation for seeking dismissal is that "[s]ervice of process was never achieved on the Defendant, BBVI Consulting, S.A."[11] Plaintiff provides absolutely no reason as to why he failed to pursue his case against AST or the reason he seeks dismissal of his claims against AST. The only apparent reason for dismissal is that this case was nearing trial when Plaintiff finally filed his motion.

---

[7] *Id.* (citation omitted).

[8] Docket No. 26, at 3.

[9] Docket No. 14.

[10] Docket No. 26, at 1.

[11] Docket No. 25, at 1.

This leads to the final factor—the present stage of litigation. Trial in this case was set for December 5, 2022, with a final pretrial conference scheduled for November 21, 2022. Plaintiff waited until November 17, 2022, to file his motion. As previously stated, Plaintiff has taken almost no action to pursue his claims over the two years this case has been pending. He then waited until days before the final pretrial conference to file the instant motion. Given the late stage of this case, this factor weighs in favor of dismissal with prejudice.

Having carefully considered the relevant factors, the Court concludes that Plaintiff's claims against AST should be dismissed with prejudice. Plaintiff has failed to diligently pursue his claims against AST, leading to two years of uncertainty for AST. Given Plaintiff's failure to provide any legitimate reason for his delay and his motion, dismissal with prejudice is proper.

### III. CONCLUSION

It is therefore

ORDERED that this action is dismissed with prejudice as to AST.

DATED this 6th day of December, 2022.

BY THE COURT:

Ted Stewart
United States District Judge